

FILED
NOV 15 2007
nov 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL'S CONTRACTORS, INC., an Illinois corporation,<br><br>Defendant. | 07CV6486<br>JUDGE HART<br>MAG. JUDGE MASON |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, (collectively "the Pension Fund"), for their cause of action against Defendant Merrill's Contractors, Inc. ("Merrill's") an Illinois corporation allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of interim withdrawal liability, interest, and penalties.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d)

of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4.  Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.  Plaintiff Howard McDougall is a present trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

6.  Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.  Defendant Merrill's is an Illinois corporation with its principal place of business located in the State of Illinois. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8.  At all times relevant to this action Defendant Merrill's was subject to one or more collective bargaining agreements executed between itself and one or more Local Unions affiliated with the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

## COUNT I
## (2001 Partial Withdrawal)

9.     Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count I.

10.    On or about December 31, 2001 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

11.    On or about December 31, 2001 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

12.    As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $15,331.65, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13.    Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

14.    Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

15.    On or about November 11, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $15,331.65 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

16. By letter dated December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned Merrill's of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

17. Defendant Merrill's has not paid the any of the amount demanded.

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

(a) A judgment on behalf of Plaintiffs and against Defendant Merrill's, an Illinois corporation pursuant to Sections 502(g) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (1) all past due interim withdrawal liability payments;

    (2) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

    (3) an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (4) attorney's fees and costs.

(b) An order compelling Defendants to make their future interim withdrawal liability payments in accordance with the payment schedule determined by the Pension Fund

(c) Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(d)  That this Court retain jurisdiction of this cause pending compliance with its orders; and

(e)  For such further or different relief as this Court may deem proper and just.

## COUNT II
### (2003 Partial Withdrawal)

18.  Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count II.

19.  On or about December 31, 2003 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

20.  On or about December 31, 2003 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

21.  As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $6,832.21, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

22.  Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

23.  Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

24.  On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled

$6,832.21 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

25.   On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

26.   Defendant Merrill's has not paid the any of the amount demanded.

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

(a)   A judgment on behalf of Plaintiffs and against Defendant Merrill's, an Illinois corporation pursuant to Sections 502(g) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (1)   all past due interim withdrawal liability payments;

    (2)   interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

    (3)   an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (4)   attorney's fees and costs.

(b)   An order compelling Defendants to make their future interim withdrawal liability payments in accordance with the payment schedule determined by the Pension Fund

(c) Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(d) That this Court retain jurisdiction of this cause pending compliance with its orders; and

(e) For such further or different relief as this Court may deem proper and just.

## COUNT III
### (2004 Partial Withdrawal)

27. Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count III.

28. On or about December 31, 2004 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

29. On or about December 31, 2004 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

30. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $67,308.40, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

31. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

32. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

33.     On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $67,308.40 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

34.     On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

35.     Defendant Merrill's has not paid the any of the amount demanded.

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

(a)     A judgment on behalf of Plaintiffs and against Defendant Merrill's, an Illinois corporation pursuant to Sections 502(g) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (1)     all past due interim withdrawal liability payments;

    (2)     interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

    (3)     an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (4)     attorney's fees and costs.

(b)     An order compelling Defendants to make their future interim withdrawal liability payments in accordance with the payment schedule determined by the Pension Fund

(c)     Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(d)     That this Court retain jurisdiction of this cause pending compliance with its orders; and

(e)     For such further or different relief as this Court may deem proper and just.

### COUNT IV
### (2005 Complete Withdrawal)

36.     Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count IV.

37.     On or about September 24, 2005, Defendant Merrill's permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

38.     On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $31,102.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

39. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

40. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

41. On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

42. Defendant Merrill's has not paid the any of the amount demanded.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

(a) A judgment on behalf of Plaintiffs and against Defendant Merrill's, an Illinois corporation pursuant to Sections 502(g) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (1) all past due interim withdrawal liability payments;

    (2) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

    (3) an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (4) attorney's fees and costs.

(b)     An order compelling Defendants to make their future interim withdrawal liability payments in accordance with the payment schedule determined by the Pension Fund

(c)     Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged;

(d)     That this Court retain jurisdiction of this cause pending compliance with its orders; and

(e)     For such further or different relief as this Court may deem proper and just.

                                        /s/ Thomas M. Weithers
                               Thomas M. Weithers (ARDC No. 6193004)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund and
Howard McDougall, as Trustee
9377 West Higgins Road
Rosemont, IL 60018-4938
(847) 518-9800, Ext. 3276

NOVEMBER ~~September~~ 15, 2007