## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, Trustee,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>MERRILL'S CONTRACTORS, INC.,  )<br><br>Defendant.  ) | No. 07 C 6486<br><br><br><br><br>JUDGE WILLIAM T. HART<br><br>MAG. JUDGE MASON<br><br>JURY DEMANDED |

## ANSWER

Defendant, Merrill's Contractors, Inc., by its attorneys, for its answer to plaintiffs' Complaint, states:

### JURISDICTION AND VENUE

1. This is an action for collection of interim withdrawal liability, interest, and penalties.

**Answer:** Admits that the Complaint purports to raise claims for interim withdrawal liability, interest and penalties, but denies that Defendant owes Plaintiffs any amount or that Defendant has any liability to Plaintiffs for the amounts claimed.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

**Answer:**    Admits that the Complaint purports to raise claims under ERISA, and that the Court has jurisdiction over ERISA claims, but denies that Defendant has violated any provisions of ERISA.

> 3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

**Answer:**    Admits.

## PARTIES

> 4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001 (a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

**Answer:**    Admits.

> 5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

**Answer:**    Admits the Plaintiff Pension Fund is administered at 9377 West Higgins Road, Rosemont, Illinois 60018. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph 5, and, therefore, Defendant denies them.

> 6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

**Answer:**    Admits that a fiduciary is authorized to bring an action under the cited provisions of ERISA. Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph 6, and, therefore, Defendant denies them.

7. Defendant Merrill's is an Illinois corporation with its principal place of business located in the State of Illinois. Defendant is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

**Answer:**     Admits.

8. At all times relevant to this action Defendant Merrill's was subject to one or more collective bargaining agreements executed between itself and one or more Local Unions affiliated with the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

**Answer:**     Admits.

## COUNT I
## (2001 Partial Withdrawal)

9. Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count l.

**Answer:**     Defendant adopts by reference its responses to the allegations of paragraphs 1 through 8 of the Complaint in response to the allegation of paragraph 9.

10. On or about December 31, 2001 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:**     Denies.

11. On or about December 31, 2001 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:**     Denies.

12. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $15,331.65, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

**Answer:**     Denies.

    13. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

**Answer:** Admits.

    14. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

**Answer:** Admits.

    15. On or about November 11, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $15,331.65 as determined under Section 4201 (b) of ERISA, 29 U.S.C. § 1381 (b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

**Answer:** Admits that the Plaintiff Pension Fund sent Defendant a purported notice and demand for withdrawal liability dated November 9, 2006 in which the Plaintiff Pension Fund demanded that Defendant pay $15,331.65 in accordance with a prescribed schedule of payments. Denies all remaining allegations of this paragraph 15.

    16. By letter dated December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned Merrill's of the consequences of its failure to pay sums due under such liability pursuant to § 4219( c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

**Answer:** Admits Defendant received another demand for payment from the Plaintiff Pension Fund by letter dated December 20, 2006. This document speaks for itself, and, therefore, Defendant denies the remaining allegations of this paragraph 16.

    17. Defendant Merrill's has not paid the any of the amount demanded.

**Answer:** Admits.

    Further answering, Defendant sets forth the following affirmative defenses:

1. Under the construction industry exception, 29 U.S.C. §1388(d)(1), the 70 percent decline rule of 29 U.S.C. §1385 is inapplicable, and Defendant has not incurred a partial withdrawal. Therefore, no assessment is appropriate, and Defendant owes no withdrawal liability to Plaintiffs under the 2001 partial withdrawal assessment.

2. The November 9, 2006 notice and assessment issued by the Plaintiff Pension Fund was untimely under 29 U.S.C. §1399(b)(1), and, therefore, Plaintiffs' claim is barred.

3. The amount of, method of calculation, basis for, and assumptions underlying the assessment of the Plaintiff Fund and the monthly payments demanded do not comply with the requirements of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

4. The Plaintiff Fund's assessment fails to take into account statutory reductions under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, to which Defendant is or may become entitled, including, but not limited to, reductions for a sale of assets, insolvency, or liquidation.

5. The Complaint is barred by the doctrines of estoppel, waiver, laches and unclean hands.

WHEREFORE, having answered all allegations of Count I, Defendant denies that Plaintiffs have stated a claim for relief and that Plaintiffs are entitled to any of the relief requested. Defendant requests that Count I of Plaintiffs' Complaint be dismissed.

## COUNT II
### (2003 Partial Withdrawal)

18. Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count II.

**Answer:** Defendant adopts by reference its responses to the allegations of paragraphs 1 through 8 of the Complaint in response to the allegation of paragraph 18.

    19. On or about December 31, 2003 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:** Denies.

    20. On or about December 31, 2003 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:** Denies.

    21. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $6,832.21, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

**Answer:** Denies.

    22. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

**Answer:** Admits.

    23. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

**Answer:** Admits.

    24. On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $6,832.21 as determined under Section 4201 (b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

**Answer:** Admits that the Plaintiff Pension Fund sent Defendant a purported notice and demand for withdrawal liability dated November 9, 2006 in which the Plaintiff Pension Fund

demanded that Defendant pay $6,820.21, not $6,632.21 as alleged, in accordance with a prescribed schedule of payments. Denies all remaining allegations of this paragraph 24.

> 25. On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

**Answer:** Admits Defendant received another demand for payment from the Plaintiff Pension Fund by letter dated December 20, 2006. This document speaks for itself, and, therefore, Defendant denies the remaining allegations of this paragraph 25.

> 26. Defendant Merrill's has not paid the any of the amount demanded.

**Answer:** Admits.

Further answering, Defendant sets forth the following affirmative defenses:

1. Under the construction industry exception, 29 U.S.C. §1388(d)(1), the 70 percent decline rule of 29 U.S.C. §1385 is inapplicable, and Defendant has not incurred a partial withdrawal. Therefore, no assessment is appropriate, and Defendant owes no withdrawal liability to Plaintiffs under the 2001 partial withdrawal assessment.

2. The November 9, 2006 notice and assessment issued by the Plaintiff Pension Fund was untimely under 29 U.S.C. §1399(b)(1), and, therefore, Plaintiffs' claim is barred.

3. The amount of, method of calculation, basis for, and assumptions underlying the assessment of the Plaintiff Fund and the monthly payments demanded do not comply with the requirements of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

4. The Plaintiff Fund's assessment fails to take into account statutory reductions under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, to

which Defendant is or may become entitled, including, but not limited to, reductions for a sale of assets, insolvency, or liquidation.

5.  The Complaint is barred by the doctrines of estoppel, waiver, laches and unclean hands.

WHEREFORE, having answered all allegations of Count II, Defendant denies that Plaintiffs have stated a claim for relief and that Plaintiffs are entitled to any of the relief requested. Defendant requests that Count II of Plaintiffs' Complaint be dismissed.

## COUNT III
## (2004 Partial Withdrawal)

27. Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count Ill.

**Answer:**    Defendant adopts by reference its responses to the allegations of paragraphs 1 through 8 of the Complaint in response to the allegation of paragraph 27.

28. On or about December 31,2004 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:**    Denies.

29. On or about December 31, 2004 Merrill's incurred a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

**Answer:**    Denies.

30. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $67,308.40, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381 (b).

**Answer:**    Denies.

31. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

**Answer:**     Admits.

   32. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

**Answer:**     Admits.

   33. On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $67,308.40 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381 b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

**Answer:**     Admits that the Plaintiff Pension Fund sent Defendant a purported notice and demand for withdrawal liability dated November 9, 2006 in which the Plaintiff Pension Fund demanded that Defendant pay $67,308.40 in accordance with a prescribed schedule of payments. Denies all remaining allegations of this paragraph 33.

   34. On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

**Answer:**     Admits Defendant received another demand for payment from the Plaintiff Pension Fund by letter dated December 20, 2006. This document speaks for itself, and, therefore, Defendant denies the remaining allegations of this paragraph 34.

   35. Defendant Merrill's has not paid the any of the amount demanded.

**Answer:**     Admits.

   Further answering, Defendant sets forth the following affirmative defenses:

   1. Under the construction industry exception, 29 U.S.C. §1388(d)(1), the 70 percent decline rule of 29 U.S.C. §1385 is inapplicable, and Defendant has not incurred a partial

withdrawal.  Therefore, no assessment is appropriate, and Defendant owes no withdrawal liability to Plaintiffs under the 2001 partial withdrawal assessment.

2.      The November 9, 2006 notice and assessment issued by the Plaintiff Pension Fund was untimely under 29 U.S.C. §1399(b)(1), and, therefore, Plaintiffs' claim is barred.

3.      The amount of, method of calculation, basis for, and assumptions underlying the assessment of the Plaintiff Fund and the monthly payments demanded do not comply with the requirements of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

4.      The Plaintiff Fund's assessment fails to take into account statutory reductions under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, to which Defendant is or may become entitled, including, but not limited to, reductions for a sale of assets, insolvency, or liquidation.

5.      The Complaint is barred by the doctrines of estoppel, waiver, laches and unclean hands.

WHEREFORE, having answered all allegations of Count III, Defendant denies that Plaintiffs have stated a claim for relief and that Plaintiffs are entitled to any of the relief requested.  Defendant requests that Count III of Plaintiffs' Complaint be dismissed.

### COUNT IV
### (2005 Complete Withdrawal)

36. Plaintiffs adopt by reference the allegations of paragraphs 1 through 8 of this Complaint as part of the allegations of this Count IV.

**Answer:**    Defendant adopts by reference its responses to the allegations of paragraphs 1 through 8 of the Complaint in response to the allegation of paragraph 36.

>37. On or about September 24, 2005, Defendant Merrill's permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

**Answer:** Denies.

>38. On or about November 10, 2006, Defendant Merrill's received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its withdrawal liability totaled $31,102.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

**Answer:** Admits that the Plaintiff Pension Fund sent Defendant a purported notice and demand for withdrawal liability dated November 9, 2006 in which the Plaintiff Pension Fund demanded that Defendant pay $31,102.51 in accordance with a prescribed schedule of payments. Denies all remaining allegations of this paragraph 38.

>39. Merrill's filed a demand for arbitration to contest the assessment pursuant to Section 4221(a), 29 U.S.C. §1401(a). That arbitration is currently pending before the American Arbitration Association.

**Answer:** Admits.

>40. Pursuant to Section 4221(d), 29 U.S.C. § 1404(d), "payments shall be made in accordance with the determinations made under this part until the arbitrator issues a final decision."

**Answer:** Admits.

>41. On or about December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due, and which cautioned the Superior Controlled Group of the consequences of its failure to pay sums due under such liability pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

**Answer:** Admits Defendant received another demand for payment from the Plaintiff Pension Fund by letter dated December 20, 2006. This document speaks for itself, and, therefore, Defendant denies the remaining allegations of this paragraph 41.

>42. Defendant Merrill's has not paid the any of the amount demanded.

**Answer:** Admits.

Further answering, Defendant sets forth the following affirmative defenses:

1. Defendant has not permanently ceased operations and remains obligated to contribute to the Plaintiff Plan. Therefore, under either 29 U.S.C. §1383(a) or under the construction industry exception, 29 U.S.C. §1383(b), Defendant has not incurred a complete withdrawal. No assessment is appropriate, and Defendant owes no withdrawal liability to Plaintiffs under the 2005 complete withdrawal assessment.

2. The amount of, method of calculation, basis for, and assumptions underlying the assessment of the Plaintiff Fund and the monthly payments demanded do not comply with the requirements of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980.

3. The Plaintiff Fund's assessment fails to take into account statutory reductions under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, to which Defendant is or may become entitled, including, but not limited to, reductions for a sale of assets, insolvency, liquidation, or prior partial withdrawal assessments.

4. The Complaint is barred by the doctrines of estoppel, waiver, laches and unclean hands.

WHEREFORE, having answered all allegations of Count IV, Defendant denies that Plaintiffs have stated a claim for relief and that Plaintiffs are entitled to any of the relief requested. Defendant requests that Count IV of Plaintiffs' Complaint be dismissed.

Respectfully submitted,

       /s/ John K. Kallman
Andrew J. Martone, (ARDC #06203524)
Bobroff, Hesse, Lindmark & Martone, P.C.
7730 Forsyth Blvd., Suite 200
St. Louis, MO 63105
Tel:   (314) 862-0300
Fax:  (414) 862-7010
andymartone@bobroffhesse.com


John K. Kallman
221 North LaSalle Street
Suite 1200
Chicago, IL 60601
Tel:   (312) 578-1515
Fax:  (312) 332-3920
jkkallman@sbcglobal.net

revdraftanswerjan29