IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | )<br>)<br>)<br>) |
| Plaintiffs, | )  Case No.  07 C 6486 |
| v. | )<br>)  Judge Hart |
| MERRILL'S CONTRACTORS, INC., an Illinois corporation, | )<br>)  Magistrate Judge Mason<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' L.R. 56.1(a)(3) STATEMENT OF MATERIAL FACTS**

NOW COME Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Howard McDougall, trustee (collectively "Central States"), by and through their undersigned counsel, and hereby submit Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts.

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this action under 29 U.S.C. § 1451(c). (Answer to Complaint ("Answer"), ¶ 2.)

2.     Venue lies in this Court under 29 U.S.C. § 1451(d) in that the Pension Fund is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois. (Answer, ¶ 3.)

**The Parties**

3.     The Pension Fund is a non-profit, multiemployer pension plan. (Answer, ¶ 4; Affidavit of Andrew Sprau ("Sprau Affid.")(Ex. A), ¶ 2.)

4.      Plaintiff Howard McDougall is a trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund. (Sprau Affid. (Ex. A), ¶ 3.)

5.      Defendant Merrill's Contractors, Inc. ("Merrill's") is a corporation organized under the laws of the State of Illinois. (Answer, ¶ 7.)

**Merrill's Participation In And
Withdrawal From The Pension Fund**

6.      During all relevant times, Merrill's was bound by collective bargaining agreements with certain Teamsters locals, under which Merrill's was required to make contributions to the Pension Fund on behalf of certain of its employees. (Answer, ¶ 8.)

Count I (2001 Partial Withdrawal)

7.      On or about December 31, 2001 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 7.)

8.      On or about December 31, 2001 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 8.)

9.      As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $15,331.65, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affid. (Ex. A), ¶ 9.)

Count II (2003 Partial Withdrawal)

10.     On or about December 31, 2003 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 10.)

11.     On or about December 31, 2003 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 11.)

12. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $6,832.21, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affid. (Ex. A), ¶ 12.)

Count III (2004 Partial Withdrawal)

13. On or about December 31, 2004 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 13.)

14. On or about December 31, 2004 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1). (Sprau Affid. (Ex. A), ¶ 14.)

15. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $67,308.40, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affid. (Ex. A), ¶ 15.)

Count IV (2005 Complete Withdrawal)

16. On or about September 24, 2005, Defendant Merrill's permanently ceased to have an obligation to contribute to the Pension Fund. (Sprau Affid. (Ex. A), ¶ 16.)

17. On or about September 24, 2005, effected a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. (Sprau Affid. (Ex. A), ¶ 17.)

18. As a result of the complete withdrawal, Merrill's incurred withdrawal liability to the Pension fund in the total amount of $31,102.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affid. (Ex. A), ¶ 18.)

Collection of Withdrawal Liability

19. On or about November 10, 2006, Merrill's received a notice and demand for payment issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1)

of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1) with respect to each of the four withdrawal liability assessments. (Answer, ¶¶ 15, 24, 33, 38; Sprau Affid. (Ex. A), ¶¶ 19, 21.)

20. Each notice and attached invoice notified Merrill's of the amount of its withdrawal liability, and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment. (Sprau Affid. (Ex. A), ¶ 20.)

21. By letter dated December 20, 2006, Merrill's received a notice that its withdrawal liability payments were past due under each demand for payment, and which cautioned Merrill's of the consequences of its failure to pay sums due under such liability pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A). (Answer, ¶¶ 16, 25, 34, 41; Sprau Affid. (Ex. A), ¶¶ 22, 23.)

22. Merrill's filed a demand for arbitration to contest each of the four withdrawal assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association. (Answer, ¶¶ 13, 22, 31, 39; Sprau Affid. (Ex. A), ¶¶ 24.)

23. Merrill's has failed to make any of the scheduled payments under any of the four withdrawal liability assessments. (Answer, ¶¶ 17, 26, 31, 39; Sprau Affid. (Ex. A), ¶ 25.)

    Respectfully submitted,

      s/ Thomas M. Weithers  
    Thomas M. Weithers  
    A.R.D.C. 06193004  
    Attorney for Plaintiffs  
    Central States, Southeast and  
    Southwest Areas Pension Fund  
    9377 W. Higgins Road

May 9, 2008

Rosemont, Illinois  60018-4938
847/518-9800, Ext. 3276

## **CERTIFICATE OF SERVICE**

I, Thomas M. Weithers, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on May 9, 2008, I electronically filed the foregoing Plaintiffs' L.R. 56.1(a)(3) Statement of Material Facts with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

                                              Respectfully submitted,

                                              s/ Thomas M. Weithers
                                              Thomas M. Weithers
                                              A.R.D.C. 06193004
                                              Attorney for Plaintiffs
                                              Central States, Southeast and
                                              Southwest Areas Pension Fund
                                              9377 W. Higgins Road
                                              Rosemont, Illinois  60018-4938

May 9, 2008                              847/518-9800, Ext. 3276