IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6486 |
| v. | ) ) | Judge Hart |
| MERRILL'S CONTRACTORS, INC., an Illinois corporation, | ) ) ) ) | Magistrate Judge Mason |
| Defendant. | ) | |

**AFFIDAVIT OF ANDREW SPRAU**

State of Illinois    )
                     ) SS
County of Cook       )

I, Andrew Sprau, having been duly sworn on oath, depose and state as follows:

1. I am the Department Manager of Collections at the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. The Pension Fund is a non-profit, multiemployer pension plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois. The Pension Fund is funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters on behalf of employees of those

same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying administrative expenses.

3. On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10).

4. I am responsible for managing the Pension Fund's assessment and collection program for withdrawal liability. If an employer has withdrawn from the Pension Fund, I or one of my staff members calculate the withdrawal liability due and notify the employer of the assessment in accordance with 29 U.S.C. § 1399(b)(1).

5. The files maintained for every employer who has withdrawn from participation in the Pension Fund, including one for Merrill's Contractors, Inc. ("Merrill's"), are under my dominion and control.

6. Merrill's was bound by collective bargaining agreements with certain Teamsters locals under which Merrill's was required to make contributions to the Pension Fund on behalf of certain of its employees.

7. On or about December 31, 2001 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

8. On or about December 31, 2001 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

9. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension Fund in the total amount of $15,331.65, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

10. On or about December 31, 2003 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

11. On or about December 31, 2003 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

12. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension Fund in the total amount of $6,820.21, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. On or about December 31, 2004 Merrill's incurred a 70-percent contribution decline pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

14. On or about December 31, 2004 Merrill's triggered a "partial withdrawal" pursuant to § 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1).

15. As a result of the partial withdrawal, Merrill's incurred withdrawal liability to the Pension Fund in the total amount of $67,308.40, as determined pursuant to § 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16. On or about September 24, 2005, Defendant Merrill's permanently ceased to have an obligation to contribute to the Pension Fund.

17. On or about September 24, 2005, Merrill's effected a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

18. As a result of the complete withdrawal, Merrill's incurred withdrawal liability to the Pension Fund in the total amount of $31,102.51 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

19. By letters dated November 9, 2006, the Pension Fund sent Merrill's a notice and demand for payment issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1) with respect to each of the

four withdrawal liability assessments. Attached hereto as Exhibits 1 through 4 are true, accurate and complete copies of each Notice and Demand and schedule for payments that were sent to Merrill's.

20. Each notice and attached invoice notified Merrill's of the amount of its withdrawal liability, and that it was required to discharge its liability in monthly payments pursuant to the schedule of payments attached to the notice and demand for payment.

21. Each Notice and Demand was sent via UPS next day delivery. According to UPS' tracking summary (attached to Exhibits 1 through 4, respectively), each Notice and Demand was delivered the following day on November 10, 2006.

22. By letters dated December 19, 2006, the Pension Fund sent Merrill's a notice that its withdrawal liability payments were past due under each demand for payment, and which cautioned Merrill's of the consequences of its failure to pay sums due pursuant to § 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A). Attached hereto as Exhibits 5 through 8 are true, accurate and complete copies of the Past Due Notices that were sent to Merrill's.

23. The Past Due Notice was sent via UPS next day delivery. According to UPS' tracking summary (attached to Exhibits 5 through 8, respectively), the Past Due Notice were delivered on December 20, 2006.

24. Merrill's filed a demand for arbitration to contest each of the four withdrawal assessment pursuant to Section 4221(a), 29 U.S.C. § 1401(a). That arbitration is currently pending before the American Arbitration Association.

25. Merrill's has failed to make any of the scheduled payments under any of the four withdrawal liability assessments.

**FURTHER AFFIANT SAYETH NOT.**

_____
Andrew Sprau

Subscribed and sworn to before me, a
Notary Public, this 9th day of May, 2008.

_____
Notary Public

*Official Seal*
*Thomas M Weithers*
*Notary Public State of Illinois*
*My Commission Expires 07/19/2011*